# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL R. WILLCOXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 1802 |
| ) | |
| CONCERTOHEALTH, INC., f/k/a FIDELIS, ) | Judge Joan H. Lefkow |
| ) | |
| SENIORCARE, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Concerto Healthcare, Inc.'s motion to dismiss plaintiff's complaint (dkt. 11) is granted without prejudice. See Statement.[1]

## STATEMENT[2]

Plaintiff Samuel Willcoxon founded Concerto, a primary care and supporting services provider for complex, frail, elderly, and dual-eligible patients. (Dkt. 1-1 ¶¶ 7–8.) He most recently served as its CEO and Chairman of the Board. (*Id.* ¶ 8.) In October 2013, Concerto's Board of Directors approved a Management Incentive Plan (Plan), intended to encourage its participants to contribute to Concerto's success by creating a system of "units" that could later be converted to a payment if a Plan-defined "change of control" occurred. (*Id.* ¶¶ 9–11.) At approximately the same time, Willcoxon and Concerto entered into a Plan Award Agreement (PAA), which granted him 250,000 units (MIP Award). (*Id.* ¶ 11.) The MIP Award was to terminate when Willcoxon left his positions. (*Id.* ¶ 12.)

The parties later entered into an Amended and Restated Executive Compensation and Noncompetition Agreement (ECNCA) stating that Concerto would deem Willcoxon in good standing for the MIP Award if he remained through July 1, 2015 or the hiring of a new CEO, and if he did not leave voluntarily without good cause or was not fired for cause. (*Id.* ¶¶ 13–14.) The ECNCA was later amended to delete the provision requiring Willcoxon to stay on through the employment of a new CEO. (*Id.* ¶ 14.) Concerto terminated Willcoxon's employment on June 26, 2015, though not for cause. (*Id.* ¶ 15.) At the same time, the parties entered into a Separation and Release of Claims Agreement (Separation Agreement), which stated that Willcoxon's MIP

---

[1] The court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b) because substantially all of the events giving rise to the claims occurred in this district.

[2] Unless otherwise noted, the following facts are taken from plaintiff's complaint.

Award "shall not be subject to forfeiture" excepting violations. (*Id.* ¶ 16.) Those violations never occurred. (*Id.* ¶ 17.)

In October 2016, Concerto sent Willcoxon a copy of an "Action by Unanimous Written Consent of the Board of Directors of Concerto Healthcare, Inc.," which stated the Plan was terminated as a condition of the company's reorganization. (*Id.* ¶ 18.) This caused the immediate and complete forfeiture of the MIP Award with no compensation to Willcoxon. (*Id.*) Willcoxon moves under the Declaratory Judgment Act[3] (DJA) for a declaration that the MIP Award exists and is legally enforceable, and that he is entitled to payment for the MIP Award in the event of a change of control at Concerto. (*Id.* ¶ 1.) Concerto moves to dismiss the complaint under 12(b)(6), claiming that Willcoxon is attempting to disguise an action for breach of contract as one for a declaratory judgment.[4]

The purpose of the Declaratory Judgment Act "is to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued." *NUCOR Corp.* v. *Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994) (internal quotation marks and citations omitted); *see also Med. Assur. Co.* v. *Hellman*, 610 F.3d 371, 377 (7th Cir. 2010) (quoting 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2751 (3d ed. 1998)) ("The remedy made available by the Declaratory Judgment Act . . . relieves potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never. It permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty and it helps avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants."). Whether to issue a declaratory judgment is within the sound discretion of the court. *Bell* v. *Taylor*, 827 F.3d 699, 711 (7th Cir. 2016).

---

[3] Though Willcoxon originally filed his claim in state court under the Illinois declaratory judgment statute, 735 ILCS 5/2-701, the case was removed, and the federal Declaratory Judgment Act applies. *See Illinois ex rel. Barra* v. *Archer Daniels Midland Co.,* 704 F.2d 935, 939 (7th Cir.1983) ("The amended complaint does not mention the Declaratory Judgment Act but instead asks for a declaratory judgment under the Illinois Civil Practice Act, which is inapplicable to suits in federal court.")

[4] The court applies the well-established legal principles for assessing a motion to dismiss under Rule 12(b)(6). See *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; also, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Concerto argues that Willcoxon inappropriately seeks a declaration that Concerto has breached the non-forfeiture clause of the Separation Agreement.[5] (Dkt. 1-1 ¶ 16.) Willcoxon denies this, responding that the "gravamen of the Complaint is the continued disclaimer by Concerto of its contractual duties under the Plan and the PAA . . . ." (Dkt. 17 at 7; *see also* dkt. 1-1¶ 28 (seeking an "immediate and definitive determination of Concerto's purported decision to terminate the Plan and the alleged forfeiture of Willcoxon's MIP award . . . .").)

Even accepting Willcoxon's response as true, the claim must be dismissed. According to Willcoxon, Concerto contends its refusal to honor the MIP Award is in accordance with the Plan. (Dkt. 1-1 ¶ 24.) (Section 8 of the Plan is titled "Amendment and Termination," and it describes the proper procedure for terminating the Plan.[6] (Dkt. 1-1, Ex. A § 8.)) Also, Willcoxon pleads that Concerto has purportedly terminated the Plan. (Dkt. 1-1 ¶ 18.) Therefore, Willcoxon is asking the court to look backwards to determine whether Concerto acted in accordance with section 8 when it dissolved the Plan (which in turn dissolved the MIP Award). "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson* v. *McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (citations omitted).

Additionally, Willcoxon's complaint does not serve the purpose of the DJA to avoid accrual of avoidable damages to one not certain of his rights: Willcoxon is not in danger of accruing damages or of being sued. Rather, based on the alleged facts, any change of control would cause Willcoxon to *suffer* damages; Concerto would accrue them. And if that were to happen, Willcoxon could bring suit against Concerto, not the other way around. "In essence, a declaratory judgment suit allows a party to ask the court if it can do something without incurring liability. It does not permit a party to ask if an adversary can do something without incurring liability."[7] *Int'l Paper Co.* v. *Androscoggin Energy LLC*, No. 00 C 6215, 2003 WL 21468623, at *3 (N.D. Ill. June 20, 2003).

Accordingly, Concerto's motion to dismiss is granted without prejudice to Willcoxon's seeking a remedy for breach of contract. The case is terminated.

---

[5] The Separation Agreement contains an arbitration clause. (Dkt. 1-1 ¶ 30.) The court infers that it would apply to a claim for breach of contract.

[6] The Plan is incorporated into the PAA. (*See* dkt. 1-1, Ex. B ("Subject . . . to the terms and condition as contained in the Plan, which is hereby incorporated by reference into, and comprises an integral part of, [the MPP Award] . . . .")

[7] Willcoxon relies heavily on *Greenleaf Ltd. P'ship* v. *Illinois Hous. Dev. Auth.*, No. 08 C 2480, 2015 WL 5307511 (N.D. Ill. Sept. 9, 2015), *appeal dismissed* (Jan. 19, 2016), to argue that a party can seek a declaratory judgment clarifying its adversary's responsibilities. Concerto persuasively distinguishes the case, pointing out that the defendant's "past and future contractual obligations to plaintiff [] were intertwined with [plaintiff's] ability to perform and deliver its services to third-parties under related contracts." (Dkt. 18 at 6.) There, the plaintiff's contractual payments to a third party were dependent on receiving defendant's payments under a separate contract, which defendant refused to make. 2015 WL 5307511 at *3. Were plaintiff to not make payments to the third party (a future action), it risked being sued. That is not the case here.

Date:  November 17, 2017

_____
U.S. District Judge Joan H. Lefkow